IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID F. BROWN, #17579,** *on behalf of himself and other similarly situated persons,*[1] | ) ) ) ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) ) ) Case No. 22-cv-00887-JPG |
| **JOHN D. LAKIN, CHRISTOPHER THARP, MADISON COUNTY, ILLINOIS, MADISON COUNTY SHERIFF'S OFFICE, and MADISON COUNTY JAIL ADMINISTRATION AND STAFF,** | ) ) ) ) ) ) ) |
| **Defendants.** | ) |

# **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Petitioner David F. Brown, a detainee in Madison County Jail ("Jail"), filed two complaints stemming from the same incident in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, Case No. 2022-MR-000048 (filed January 31, 2022) ("first complaint") and Case No. 2022-LA-000391 (filed March 18, 2022) ("second complaint"). This case only involves the second complaint. In it, Plaintiff names Madison County Sheriff (John Lakin), Madison County Jail Administrator (Christopher Tharp), Madison County Sheriff's Office, Madison

---

[1] Brown names himself and other "similarly situated persons" as plaintiffs in the case caption and refers to this matter as a "class action." However, he is the only plaintiff who signed the Complaint (Doc. 1-1, pp. 15 and 33), Motion for Leave to Proceed *in forma pauperis* (Doc. 9), and Motion for Recruitment of Counsel (Doc. 10). Although he included an affidavit with the signatures of other individuals (Doc. 1-1, pp. 16-18, 34-36), none of these individuals signed the Complaint or filed related motions. Moreover, a prisoner bringing a *pro se* action cannot represent a class of plaintiffs. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11. The other individuals may file separate complaints pursuant to 42 U.S.C. § 1983 in this federal judicial district, if they wish to do so. To the extent Plaintiff seeks to bring a class action, however, his request is **DENIED without prejudice**.

County Jail Administration and Staff, and Madison County, Illinois (collectively "Madison County Defendants"), for constitutional deprivations caused by his exposure to a COVID-positive detainee on or around January 6, 2022. (Doc. 1-1). Plaintiff claims that the Madison County Defendants knowingly housed him with the sick detainee and then denied him medical care when he contracted the virus. He seeks money damages. (*Id.*).

Defendants removed the case to this Court on the basis of original federal question jurisdiction under 28 U.S.C. §§ 1441 and 1446. (Doc. 1). Plaintiff brings claims against Defendants under the Eighth and/or Fourteenth Amendment(s) of the United States Constitution, and he made no objection to removal. The Court finds that removal is proper.

The Complaint is subject to preliminary review under 28 U.S.C. § 1915A. *See Whiteside v. Hill, et al.*, No. 21-cv-00806-JPG, 2022 WL 970586 (S.D. Ill. March 31, 2022) (conducting preliminary review of removed complaint under 28 U.S.C. § 1915A). Section 1915A requires the Court to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, meritless, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1-1, pp. 3-33): The Madison County Defendants (including "guards," "administration and staff," and a "nurse") allegedly violated Plaintiff's rights under the Eighth and/or Fourteenth Amendments when they moved a detainee with COVID-19 into his cellblock on January 6, 2022. From January 7-10, 2022, Defendants also failed to bring cleaning supplies, masks, or other safety gear to the cellblock

for use in disinfecting the cells. As a result, Plaintiff contracted the virus on January 12, 2022. Although he suffered from numerous symptoms, the defendants denied him treatment. (*Id*.).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to designate the following count in this *pro se* action:

>   **Count 1:**   Defendants subjected Plaintiff to unconstitutional conditions of confinement at Madison County Jail by placing an inmate who tested positive for COVID-19 into his cellblock and causing him to become ill on or around January 6, 2022.
>
>   **Count 2:**   Defendants denied Plaintiff adequate medical care for COVID-19 beginning on or around January 6, 2022.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

## Discussion

The applicable legal standard for both claims depends on Plaintiff's status as a convicted person or a pretrial detainee at the time his claims arose. The Eighth Amendment deliberate indifference standard articulated in *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), is applicable if Plaintiff was a convicted prisoner during the relevant time period. *Estelle v. Gamble*, 429 U.S. 97 (1976). The Fourteenth Amendment objective unreasonableness standard articulated in *Miranda v. County f Lake*, 900 F.3d 335 (7th Cir. 2018), governs Plaintiff's claims, if he was a pretrial detainee. Plaintiff indicates that he was a pretrial detainee, but he invoked both the Eighth and Fourteenth Amendments.

Regardless of which standard applies, the allegations fall short of articulating a claim against any defendants. Section 1983 creates a cause of action based on personal liability and

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

predicated upon fault, and liability does not "attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). The Complaint fails to adequately describe who, exactly, violated the plaintiff's rights.

In the case caption, Plaintiff names specific individuals (John Lakin and Christopher Tharp) and general groups (Madison County Sheriff's Office, Madison County Jail Administration and Staff, and Madison County, Illinois) of defendants. He collectively refers to them as "Madison County Defendants" or "Defendants" in the opening paragraphs of the Complaint. However, Plaintiff fails to mention anyone other than "defendants," "guards," "administration and staff," and a "nurse" in the statement of his claim.

Plaintiff cannot proceed with any claims against Jail Administrator Tharp or Sheriff Lakin based on their supervisory role over subordinates who violated his constitutional rights because the doctrine of *respondeat superior* is inapplicable under Section 1983. *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Plaintiff must name the individuals who were actually involved in or responsible for the deprivation of his rights. He must also describe what each individual did, or did not do, to violate his rights. If he does not know the name of a particular individual, Plaintiff should refer to the unknown defendant in generic terms (*e.g.*, John/Jane Doe) in the case caption and throughout the complaint. He can identify the actual defendants with particularity at a later stage in the case. Sheriff Lakin and Jail Administrator Tharp shall be dismissed without prejudice.

Madison County may be a proper defendant, if Plaintiff intends to pursue a claim of municipal liability. Such claims arise from a policy, custom, or practice that causes a constitutional deprivation. Plaintiff has described no such policy, custom, or practice. Therefore, he has articulated no claim against this defendant, and the county shall be dismissed without prejudice.

The Madison County City Sheriff's Office is not a "person" subject to suit under Section

1983.  The Sheriff's Office is not even a suable entity.  Pursuant to Federal Rule of Civil Procedure 17, a defendant must have the legal capacity to be sued.  *See* FED. R. CIV. P. 17(b).  The "Madison County Sheriff's Office" shall be dismissed with prejudice.

Finally, Madison County Jail Administration and Staff is too poorly defined to satisfy the personal involvement requirement under Section 1983.  Plaintiff must name specific individuals as defendants in the case caption, list of defendants, and statement of his claim.  This is the only way to put a defendant on notice of the claim(s) against him or her, so that the defendant can answer the complaint.  This nebulous group of defendants shall be dismissed with prejudice.

If he wishes to proceed any further with this suit, Plaintiff must file an amended complaint *in this court* naming the individuals who exposed him to the unconstitutional conditions of confinement and who denied him medical care.  Plaintiff must name these defendants in the case caption of the amended complaint, and he must also describe what each defendant did (or failed to do) to violate his constitutional rights in the body of the amended complaint.  Merely naming a potential defendant without describing his or her misconduct is not enough.  Likewise describing the misconduct of individuals who are not identified as defendants is also insufficient.  Plaintiff must do both.

## Pending Motion

Plaintiff's Motion for Recruitment of Counsel (Doc. 10) is **DENIED** without prejudice.  *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating factors district court should consider when presented with a request for counsel by a pro se litigant).  Plaintiff has not shown sufficient efforts to locate counsel on his own, and he identifies no impediments, whatsoever, to self-representation (*e.g.*, educational, medical, mental health, language, communication, law library access).  Given that Plaintiff is a college graduate who has demonstrated his ability to

prepare and file coherent complaints and related motions in two cases removed to this court, the undersigned deems counsel unnecessary at this stage.

Plaintiff may renew his request for representation, after making a good faith attempt to find an attorney or law firm to represent him; he should ask family members or friends to assist him with this process, if he is unable to do so himself. When filing a new motion for recruitment of counsel, Plaintiff should attach proof of his efforts to find counsel on his own (*i.e.,* at least three attorneys/firms contacted, dates of each contact, and responses received).

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1-1), including **COUNTS 1** and **2**, is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Plaintiff's request for class certification (Doc. 1-1) is **DENIED without prejudice**.

**IT IS ORDERED** that Defendants **JOHN LAKIN, CHRISTOPHER THARP,** and **MADISON COUNTY, ILLINOIS** are **DISMISSED** without prejudice because the Complaint fails to articulate a colorable claim against these defendants.

**IT IS ORDERED** that **MADISON COUNTY SHERIFF'S OFFICE** and **MADISON COUNTY JAIL ADMINISTRATION AND STAFF** are **DISMISSED** with prejudice because both are improper defendants in this Section 1983 case.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **October 12, 2022**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. Plaintiff should label the form, "First Amended Complaint," and he should use the case number for this action (No. 22-cv-00887-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider along with it. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 9/13/2022**

                                                 s/J. Phil Gilbert
                                                 **J. PHIL GILBERT**
                                                 **United States District Judge**