# UNITED STATES DISTRICT COURT

### for the

### Southern District of Illinois

*AMENDED COMPLAINT.*
*22-CV-00887-JPG*

_DAVID F BROWN #17579_     )
_____ )  Case Number: _____
_____ )             *(Clerk's Office will provide)*
_____ )
       *Plaintiff(s)/Petitioner(s)*     )
            v.           )  ☒ CIVIL RIGHTS COMPLAINT
                             )  pursuant to 42 U.S.C. §1983 (State Prisoner)
_JOHN LAKIN - SHERIFF_      )  ☐ CIVIL RIGHTS COMPLAINT
_CAPTAIN - KRISTOPHER THARP_ )  pursuant to 28 U.S.C. §1331 (Federal Prisoner)
_CAPTAIN - STEPHEN RIDINGS_   )  ☐ CIVIL COMPLAINT
_AND STAFF ET. AL_           )  pursuant to the Federal Tort Claims Act, 28 U.S.C.
     *Defendant(s)/Respondent(s)*   )  §§1346, 2671-2680, or other law

## I.    JURISDICTION

**Plaintiff:** _DAVID F. BROWN #17579_

A.    Plaintiff's mailing address, register number, and present place of confinement. _405, RANDLE ST._
                 _EDWARDSVILLE, IL 62025_
                 _(MADISON COUNTY JAIL)_

### Defendant #1:

B.    Defendant _JOHN LAKIN_ is employed as
                  (a)      (Name of First Defendant)

    _SHERIFF, OF MADISON COUNTY_
               (b)        (Position/Title)

    with _MADISON COUNTY, SHERIFF'S DEPARTMENT_
               (c)     (Employer's Name and Address)

    _405, RANDLE St. EDWARDSVILLE, IL 62025_

    At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government?   ☒ Yes   ☐ No

    If your answer is YES, briefly explain: _AS FAR AS I KNOW MR. JOHN LAKIN, IS A ELECTED OFFICIAL.. I THINK HE'S LOCAL.._

Rev. 10/3/19

**Defendant #2:**

C.    Defendant _KRISTOPHER THARP_ is employed as

(Name of Second Defendant)

_CAPT./MADISON COUNTY JAIL, ADMINISTRATOR_
(Position/Title)

with _MADISON COUNTY SHERIFF'S DEPT/MADISON COUNTY JAIL_
(Employer's Name and Address)

_405, RANDLE St. EdwARdSVILLE, ILLINOIS 62025_

At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government?    ☐ Yes    ☒ No

If you answer is YES, briefly explain: _N/A_

**Additional Defendant(s) (if any):**

D.    Using the outline set forth above, identify any additional Defendant(s).

STEPHEN RIDINGS
CAPT./MADISON COUNTY JAIL, SUPERINTENDENT
MADISON COUNTY, SHERIFF'S DEPT/MADISON COUNTY JAIL
405, RANDLE St. EDWARDS VILLE, ILLINOIS. 62025

(STAFF) LT. JOHN DOE
MADISON COUNTY SHERIFF'S DEPT/MADISON COUNTY JAIL
405, RANDLE St. EDWARDSVILLE, IL. 62025

SGT. JOHN DOE
MADISON COUNTY SHERIFF'S DEPT/MADISON COUNTY JAIL
405, RANDLE St. EdwARdSVILLE, IL. 62025

OFFICER, DECKER # BADGE # NO. UNKNOWN,
MADISON COUNTY SHERIFF'S DEPT/MADISON COUNTY JAIL
405, RANDLE St. EdwARdS VILLE, IL. 62025

NOTE: EVERYBODY IN THERE (INDIVIDUAL AND
OFFICIAL CAPACITY) THANK YOU!

Rev. 10/3/19

## II.   PREVIOUS LAWSUITS

A.   Have you begun any other lawsuits in state or federal court while you were in prison or jail (during either your current or a previous time in prison or jail), e.g., civil actions brought under 42 U.S.C. § 1983 (state prisoner), 28 U.S.C. § 1331 (federal prisoner), 28 U.S.C. §§ 1346, 2671-2680, or other law?  ☐Yes ☒No

B.   If your answer to "A" is YES, describe each lawsuit in the space below.  If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline.  **List ALL lawsuits in any jurisdiction and indicate the court where they were filed to the best of your ability,** including those that resulted in the assessment of a "strike" under 28 U.S.C. § 1915(g) and/or those that were dismissed for being frivolous, malicious, or for failure to state a claim (see 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); Federal Rule of Civil Procedure 12(b)(6)).  FAILURE TO FULLY DISCLOSE YOUR LITIGATION HISTORY, INCLUDING "STRIKES," MAY RESULT IN SANCTIONS THAT INCLUDE DISMISSAL OF THIS ACTION.

1.   Parties to previous lawsuits: *N/A*
Plaintiff(s):

Defendant(s): *N/A*

2.   Court (if federal court, name of the district; if state court, name of the county): *N/A*

3.   Docket number: *N/A*

4.   Name of Judge to whom case was assigned: *N/A*

5.   Type of case (for example: Was it a habeas corpus or civil rights action?): *N/A*

6.   Disposition of case (for example: Was the case dismissed?  Was it appealed?  Is it still pending?): *N/A*

## IV.    STATEMENT OF CLAIM

**A.**    State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments or citations. If you wish to present legal arguments or citations, file a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.

(1) THAT, ON THURSDAY, JANUARY-6-2022, IN THE MADISON COUNTY JAIL, Edwardsville, ILLINOIS, THE ACT OF "DELIBERATE INDIFFERENCE," WAS COMMITTED, BY JOHN LAKIN AND STAFF, IN THAT, THEY PLACED A "COVID-INFECTED," PERSON IN THE CELL WITH, PLAINTIFF, DAVID F. BROWN #17579, THEREFORE, VIOLATING HIS UNITED STATES AND ILLINOIS CONSTITUTIONAL RIGHTS, UNDER BOTH THE "EIGHTH," AND FOURTEENTH, AMENDMENTS.

(2) THAT, ON THE SIXTH-DAY OF JANUARY, 2022, IN THE MADISON COUNTY JAIL, HERE IN EDWARDSVILLE, ILLINOIS, A COVID-19, INFECTED PERSON, NAMED "CHARLES ADCOCK, NO. #92158, WAS PLACE IN THE CELL WITH THE PLAINTIFF, DAVID F. BROWN #17579, BY JOHN LAKIN, AND HIS STAFF COMMITTING THE ACT OF "CRUEL AND UNUSUAL PUNISHMENT," AGAINST SAID PLAINTIFF, VIOLATING HIS "UNITED STATES AND ILLINOIS, CONSTITUTIONAL RIGHTS, UNDER BOTH THE "EIGHTH" AND FOURTEENTH AMENDMENTS.

(3) THAT ON THURSDAY, JANUARY-6-2022, IN THE MADISON COUNTY JAIL, EDWARDSVILLE, ILLINOIS, THE ACT OF "CRUEL AND UNUSUAL PUNISHMENT, BY WAY OF DELIBERATE INDIFFERENCE, TO PLAINTIFFS, LIVING CONDITIONS, WAS COMMITTED, BY JOHN LAKIN, KRISTOPHER TWARD, STEPHEN ADKINS AND STAFF, AGAINST SAID PLAINTIFF, IN THAT THE DEFENDANTS PLACE A PERSON "CHARLES ADCOCK" #92158, INFECTED WITH COVID-19, IN THE CELL WITH PLAINTIFF, THEREFORE MAKING THE EXPOSING HIM TO A DEADLY AND CONTAGUS, VIRUS, "INHUMANE," IN VIOLATION OF THE PLAINTIFFS CONDITIONS OF HIS CONFINEMENT, UNITED STATES AND ILLINOIS CONSTITUTIONAL RIGHTS UNDER THE "EIGHTH AND FOURTEENTH AMENDMENTS.

(4) THAT, ON THURSDAY, JANUARY-6-2022, IN THE MADISON COUNTY JAIL, HERE IN EDWARDSVILLE, ILLINOIS, "CHARLES ADCOCK, NO. #92158, WAS DIAGNOSED, WITH "COVID-19, A HIGHLY DEADLY AND CONTAGUS VIRUS, BY THE (H.C.U.) HERE IN THE MADISON COUNTY JAIL, EDWARDSVILLE, IL. AND WAS PLACED IN THE CELL/BACK IN THE CELL, WITH THE PLAINTIFF, DAVID F. BROWN, #17579, BY LT. JOHN DOE, SGT. JOHN DOE WHOM ONE OR THE OTHER, WHERE ACTING SHIFT COMMANDER (6PM TO 6AM.) AND OFFICER, DECKER-BADGE NO. #UNKNOWN COMMITTED, THE ACT OF "CRUEL AND UNUSUAL PUNISHMENT, BY WAY OF THEIR DELIBERATE INDIFFERENCE, TO DAVID F. BROWNS, CONDITIONS OF CONFINEMENT, LIFE, HEALTH, SAFETY AND WELL BEING, THEREFORE, VIOLATING HIS "UNITED STATES" AND ILLINOIS, CONSTITUTIONAL RIGHTS, UNDER BOTH THE "EIGHTH" AND FOURTEENTH AMENDMENTS.

## V.    REQUEST FOR RELIEF

State exactly what you want this court to do for you.  If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255.  Copies of these forms are available from the clerk's office.

I WOULD LIKE FOR THIS HONORABLE COURT, TO HOLD THE DEFENDANT'S ACCOUNTABLE, AND LIABLE FOR THERE UN CONSTITUTIONAL ACTIONS, AND IN ACTIONS AGAINST PLAINTIFF, AN AWARD DECLARATORY AND INJUNCTIVE RELIEF TO PLAINTIFF AS WELL AS $700.000, IN COMPEN-SATORY AND PUNITIVE DAMAGES,, AND BE RESPONSIBLE FOR ALL COURT COST AND ATTORNEY FEES,,

## VI.    JURY DEMAND (*check one box below*)

The plaintiff ☒ does  ☐ does not request a trial by jury.

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed on:    _10-9-2022_
(date)

_David F. Brown_
Signature of Plaintiff

_405, RANDLE St_
Street Address

_DAVID F. BROWN_
Printed Name

_EdwardSVILLE, IL, 62025_
City, State, Zip

_#17579_
Prisoner Register Number

_____
Signature of Attorney (if any)

Rev. 10/3/19

7.    Approximate date of filing lawsuit: *N/A*

8.    Approximate date of disposition: *N/A*

9.    Was the case dismissed as being frivolous, malicious, or for failure to state a claim upon which relief may be granted and/or did the court tell you that you received a "strike?" *N/A*

III.    **GRIEVANCE PROCEDURE**

A.    Is there a prisoner grievance procedure in the institution?  ☒ Yes    ☐ No

B.    Did you present the facts relating to your complaint in the prisoner grievance procedure?                                      ☐ Yes    ☒ No

C.    If your answer is YES,
1.    What steps did you take? *N/A*

2.    What was the result? *N/A*

D.    If your answer is NO, explain why not. *THE FACT IS THAT, MY ISSUE/ COMPLAINT, WAS AND IS "UNRESOLVABLE". THE GRIEVANCE PROCEDURE SERVES NO, PURPOSE, HERE BECAUSE IT, CAN'T RIGHT THE WRONG...*

E.    If there is no prisoner grievance procedure in the institution, did you complain to prison authorities? *N/A*                ☐ Yes    ☐ No

F.    If your answer is YES,
1.    What steps did you take? *N/A*

2.    What was the result? N/A

G.    If your answer is NO, explain why not. N/A

H.    Attach copies of your request for an administrative remedy and any response you received. If you cannot do so, explain why not:

THERE IS NO [ADMINISTRATIVE REMEDY] TO MY ISSUE/ COMPLAINT... ONCE THE HEALTH CARE UNIT, HERE IN THE MADISON COUNTY JAIL, CORRECTIONAL CENTER, Edwardsville, IL. DIAGNOSED "MR. ADCOCK #92158," WITH THE 'CORONAVIRUS/COVID-19', THE "Administrative Remedy" WAS TO FOLLOW THE 'QUARANTINE, AND TESTING PROTOCOLS' HANDED DOWN, BY ILLINOIS 'GOV. J.B. PRITZKER', By WAY OF 'EXECUTIVE ORDER (2020-50) WHEN THE 'ADMINISTRATION AND STAFF', AT THE FACILITY, FAILED TO DO SO, THE 'Administrative Remedy," THAT COULD HAVE BEEN, WAS NOT... THE GUARD, OFFICER, DECKER, BADGE NO. #UNKNOWN, CAME AND PLACED A PAPER IN THE (FOYER) OF THE BLOCK (E-4) STATING "QUARANTINE, 14-DAYS, NO ONE IN, NO ONE OUT," THEN, FIVE MINS. LATER HE BROUGHT MR. ADCOCK, BACK, AND PLACED HIM BACK IN THE CELL (4) WITH ME... THIS MADE ANY TYPE OF "REMEDY," UNATTAINABLE THEREFORE, MAKING THE 'GRIEVANCE PROCEDURE,' IRRELEVANT AT THAT POINT... WHAT WAS DONE, COULDN'T BE UNDONE...
THAT'S IT, THAT'S ALL!    THANK YOU, AND HAVE A BLESSED DAY!

Rev. 10/3/19

UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF ILLINOIS

'MEMORANDUM OF LAW'

1) ON THURSDAY, JANUARY-6-2022, IN THE COUNTY OF 'MADISON' AT THE 'MADISON COUNTY, JAIL, IN 'ED-WARDSVILLE, ILLINOIS, JOHN LAKIN, SHERIFF, OF MADISON COUNTY, COMMITTED THE ACT OF 'DELIBE-RATE INDIFFERENCE,' AGAINST 'DAVID F. BROWN, A PRETRIAL DETAINEE, IN THAT SAID DEFENDANT, JOHN LAKIN, IN HIS OFFICIAL CAPACITY AS 'SHERIFF' OF THE 'MADISON COUNTY JAIL,' FAILED TO PROVIDE PLAINTIFF, DAVID F. BROWN #17579, A PRETRIAL DETAIN-EE "HUMANE, CONDITIONS OF CONFINEMENT, BY PLACING (MR. CHARLES ADCOCK #92158) A PERSON, DIA-GNOSED WITH THE "CORONAVIRUS/COVID-19, A HIGHLY CONTAGIOUS AND DEADLY VIRUS, BACK IN THE CELL WITH HIM (PLAINTIFF, DAVID F. BROWN) EXPOSING AND SUBJECTING, SAID PLAINTIFF TO THE HIGHLY CONTAGIOUS VIRUS, FOR WHICH HE CONTRACTED, THEREFORE, VIOLATING THE PLAINTIFFS 'UNITED STATES AND ILLINOIS CONSTITUTIONAL RIGHTS UNDER THE 'EIGHTH' AND 'FOURTEENTH' AMENDMENTS NOTE: [A PRISON OFFICIAL'S "DELIBERATELY-INDIFFERENT," WHEN HE/SHE KNOWS OR SHOULD HAVE KNOWN OF A 'SUF-FICIENTLY SERIOUS DANGER TO AN INMATE/PRETRIAL

1 OF 13

DETAINEE] SEE: YOUNG V. QUINLAN, 960 F.2d 351, 360-361 (CA3.1992) JOHN LAKIN, SHERIFF OF MADISON COUNTY, KNEW THE "SERIOUSNESS", OF "COVID-19" AND STILL DISPLAYED A BLATANT DISREGARD, FOR THE PLAINTIFFS (LIFE, HEALTH, SAFETY AND WELL-BEING) BY LETTING MEMBERS OF HIS STAFF, PLACE A "COVID-19, INFECTED PERSON IN CELL WITH "PLAINTIFF DAVID E BROWN... NOTE; [AN, OFFICIAL ACTS WITH -- "DELIBERATE INDIFFERENCE", WHEN HE OR SHE IS AWARE OF A SUBSTANTIAL RISK OF SERIOUS INJURY/HARM TO THE "PLAINTIFF/PRETRIAL DETAINEE AND NEVER THE LESS FAILS TO TAKE APPROPRIATE ACTION/STEPS TO PROTECT THE "PLAINTIFF/PRETRIAL DETAINEE] SEE: BUTERA V. COTTEY, 285 F.3d 601, 605 (7TH. CIR. 2002) JONES V. MORRIS, 777 F.2d. 1277 (7TH. CIR. 1985)(1) KNOW WHY A SUBSTANTIAL RISK OF SERIOUS HARM TO A PRISONER/PRE-TRIAL DETAINEE EXISTS AND (2) IGNORE THAT RISK... SEE: FARMER V. BRENNAN, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979, L.Ed. 2d 811, 825 (1994)... JOHN LAKEN, KRISTOPHER THARP AND STEPHEN RIDINGS, KNEW OF THE "SERIOUS", HARM THAT COVID-19, CAUSES AND STILL TURNED A BLIND EYE TO THE ISSUE AT HAND... BACKGROUND, (IN MARCH, 2020, THE WORLD HEALTH ORGANIZATION, ANNOUNCED THAT THE SPREAD OF "COVID-19," QUALIFIED AS A GLOBAL PAN-DEMIC... NOW, IN RESPONSE, OUR "GOVERNOR", J.B. PRI-TZKER, TOOK MEASURES TO REDUCE THE SPREAD AND

CONTRACTION OF THE ILLNESS THROUGHOUT THE STATE, BY WAY OF 'EXECUTIVE ORDER (2020-50) WHICH STATED THE "ISOLATION, QUARANTINE AND TESTING PROTOCOLS," FOR PRISONERS AND PRETRIAL DETAINEES IMPRISONED IN THE CORRECTIONAL CENTERS AND JAILS, THROUGHOUT THE COUNTIES OF THE STATE OF ILLINOIS, THEREFORE THE DEFENDANT(S) KNEW AND FAILED TO BRING THE MADISON COUNTY JAIL, CORRECTIONAL CENTER IN TO, 'COMPLIANCE,' WITH (EXECUTIVE ORDER 2020-50) WHICH MAKES THEIR ACT-IONS AND INACTIONS ALIKE THE CAUSE FOR 'DAVID E. BROWN, CONTRACTING 'COVID-19, AND SHOULD BE HELD ACCOUNTABLE AND LIABLE FOR IT, BY THIS HONORABLE COURT. [ JOHN LAKIN, IN HIS OFFICIAL CAPACITY AS SHERIFF, OF THE COUNTY OF MADESON / MADISON COUNTY JAIL. ][ STEPHEN RIDINGS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS CAPTIAN AND MADISON COUNTY JAIL, SUPERINTENDENT. ] and [ KRISTOPHER THARP, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS CAPTIAN AND MADISON COUNTY, JAIL, ADMINISTRATOR ] SHOULD BE HELD, ACCOUNTABLE FOR VIOLATING, DAVID E. BROWNS CONSTITUTIONAL RIGHTS, AS STATED ABOVE, AND FOR THE SUBJECTION AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, IN VIOLATION OF -- ILLINOIS LAW...

2) ON THURSDAY, JANUARY-6-2022, ON THE (2nd) SHIFT, 6pm
TO 6AM, IN THE COUNTY OF MADISON, AT THE MADISON COUN-
TY, JAIL, IN EDWARDSVILLE, IL. IN THE CELL-BLOCK OF
(F-4) OVER, 50, AT APPROX: 6:15 P.M. THE GUARD WHOM I, KNOW
AS MR. WALLY, WAS MAKING HIS ROUNDS TO DO 'COUNT', SAID
GUARD WAS INFORMED, THAT A INMATE BY THE NAME OF
'CHARLES ADCOCK,' #92158, HAD BEEN FEELING ILL SINCE MON-
DAY, JANUARY -3-2022, AND WAS ASKED, COULD HE TAKE HIM
(MR. ADCOCK) TO THE (H.C.U.) HEALTH CARE UNIT... THE GUARD,
KNOWN AS MR. WALLY, SAID WAIT UNTIL 'COUNT' IS FINISH-
ED.. AROUND 6:35 PM. MR. WALLY CAME AND TOOK 'CHARLES --
ADCOCK #92158, TO THE HEALTH CARE UNIT, HERE IN THE MAD
ISON COUNTY JAIL FACILITY. NOW ABOUT (15-MINUTES) LA-
TER, A GUARD WHOM LAST NAME WAS 'DECKER' BADGE NO. # UN-
KNOWN, ENTERED THE FOYER OF CELL-BLOCK (F-4) AND PLACED
A (8 BY 11) INCH PIECE OF WHITE PAPER ON THE WALL, THAT
READ, AND I QUOTE: QUARANTINE 14-DAYS, NO ONE IN, NO ONE
OUT) AND APPROXIMATE (10-MINUTES) LATER, THE GUARD BY
THE LAST NAME "DECKER, BADGE NO. # UNKNOWN BROUGHT MR.
CHARLES ADCOCK #92158, BACK TO CELL BLOCK (F-4) BACK IN THE
CELL WITH ME 'DAVID F. BROWN, #17579, AND STATED THAT, MR.
ADCOCK, WAS DIAGNOSED WITH 'COVID-19, AND THAT THE WH-
OLE CELL BLOCK, WAS ON 'QUARANTINE,' STATUS FOR 'FOURTEEN
DAYS,' WITHOUT TESTING NO ONE ELSE FOR COVID-19, AT ALL.
WITH THAT, SAID " JOHN LAKIN, IN HIS INDIVIDUAL AND
OFFICIAL
CAPACITY, AS SHERIFF OF THE COUNTY OF MADISON, THE

4 OF 13

MADISON COUNTY JAIL, STEPHEN RIDINGS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS CAPTAIN AND SUPERINTENDENT OF THE MADISON COUNTY JAIL, KRISTOPHER THARP, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS CAPTAIN AND MADISON COUNTY JAIL, ADMINISTRATOR, COMMITTED WITH THE HELP OF THERE STAFF, THE ACT OF 'CRUEL AND UNUSUAL PUNISH-MENT, AGAINST PLAINTIFF 'DAVID F. BROWN,' IN THERE DELIBERATE INDIFFERENCE, TO HIM (DAVID F. BROWN) CONTRACTING 'COVID-19,' WHEN THE DEFENDANT(S) ACTING UNDER COLOR OF STATE LAW, ALLOWED THERE SUBORDINATES," PLACE AN 'COVID-19,' INFECTED PERSON IN THE CELL WITH, PLAINTIFF 'DAVID F. BROWN,' AND SUBJECTING PLAINTIFF, TO THE HIGHLY CONTAGIOUS AND DEADLY VIRUS, FOR WHICH THE PLAINTIFF 'DAVID F. BROWN, CONTRACTED (COVID-19) NOT THROUGH ANY FAULT OF HIS OWN, BUT THROUGH THE BLATANT DISREGARD FOR HIS (DAVID F. BROWN'S) LIFE, HEALTH, SAFETY AND WELL-BEING, DISPLAYED BY[ JOHN LAKIN, STEPHEN RIDINGS, KRISTOPHER THARP AND THERE SUBORDINATES, ALONG WITH THERE, RECKLESS DISREGARD FOR HUMAN LIFE (HIS) THE DEFENDANT(S) ACTIONS AND INACTIONS, VIOLATED DAVID F. BROWN'S, CONSTITUTIONAL RIGHTS UNDER THE "EIGHTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES AND ILLINOIS CONSTITUTIONS." SEE, FARMER V. BRENNAN, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, L.Ed. 2d 811, 825 (1994).

IMMINENT DANGER, HAZARDOUS LIVING CONDITIONS, HEALTH AND SAFETY VIOLATIONS [511 U.S. 825, 834 (1994) now], A PRISON/JAIL OFFICIAL'S "DELIBERATE IN-DIFFERENCE," TO A SUBSTANTIAL RISK OF SERIOUS HARM TO AN INMATE/PRETRIAL DETAINEE VIOLATES THE "EIGHTH AMENDMENT," OF THE UNITED STATE'S CONSTITUTION... NOTE: (SHERIFF, LAKIN; CAPTIAN/SUPERINTENDENT, RIDINGS; CAPTIAN/ADMINISTRATOR, THARP; AND THERE SUBORDINATES, WHERE AWARE OF THE RISK AND LIFE THREATENING DANGERS OF 'COVID-19, AND CONSCIOUSLY DISREGARDED IT NONE THE LESS)... BY PLACING "CHARLES ADCOCK #92158," A PERSON/PRETRIAL DETAINEE, DIAGNOSED BY THE "HEALTH CARE UNIT," HERE IN THE MADISON COUNTY JAIL, EDWARDSVILLE ILLINOIS, WAS DEEMED INFECTED WITH THE 'CORONAVIRUS/COVID-19, BACK IN THE CELLBLOCK AND BACK IN THE CELL WITH PLAINTIFF (DAVID E. BROWN)... THE PLAINTIFF, FURTHER STATES THAT, THE ACTIONS OF THE JAIL OFFICIALS AND SHERIFF, RISES TO THE LEVEL OF 'CRUEL AND UNUSUAL PUNISHMENT, AND DEPRIVED THE PLAINTIFF (DAVID E. BROWN) OF A RIGHT SECURED BY THE "CONSTITUTION OR LAWS OF THE UNITED-STATES, AND SHOULD BE HELD, ACCOUNTABLE, RESPONSIBLE, AND LIABLE, FOR THERE ACTIONS AND INACTIONS BY THIS HONORABLE COURT...

3) THAT, ON THURSDAY, JANUARY-6-2022, IN THE COUNTY
OF MADISON, AT THE MADISON COUNTY JAIL, IN ED-
WARDSVILLE, ILLINOIS; ON THE SECOND SHIFT (6PM TO
6AM) JOHN LAKIN, IN HIS OFFICIAL CAPACITY, AS SHER-
IFF, OF THE COUNTY OF MADISON, COUNTY JAIL; STEP-
HEN BIDINGS, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITY AS "CAPTIAN, AND MADISON COUNTY JAIL,
SUPERINTENDENT; KRISTOPHER THARP, IN HIS IN-
DIVIDUAL AND OFFICIAL CAPACITY, AS CAPTIAN
AND MADISON COUNTY JAIL, ADMINISTRATOR; ALSO
LIEUTENIANT-JOHN DOE; SERGEANT-JOHN DOE, AND
A GUARD, WHO'S LAST NAME IS DECKER, BADGE NO.# UN-
KNOWN. THE DEFENDANT(S) COMMITTED THE ACT
OF "CRUEL AND UNUSUAL PUNISHMENT," AGAINST PLAIN-
TIFF (DAVID F. BROWN #17579) AND VIOLATED HIS EIGHTH
AMENDMENT AND FOURTEENTH AMENDMENT RIGHT(S)
GOVERNED BY THE UNITED STATES AND ILLINOIS
CONSTITUTIONS, BY DISPLAYING "DELIBERATE-
INDIFFERENCE," TO THE SUBSTANTIAL RISK, THAT HE
(DAVID F. BROWN) COULD GET/CONTRACT 'COVID-19,' AND
PLACED (CHARLES ADCOCK #92158) A PERSON DIAGNOSED
WITH, THE HIGHLY CONTAGIOUS AND EVER-SO-DEADLY
CORONAVIRUS/COVID-19, HERE AT THE MADISON COUNTY
JAIL, ON THURSDAY, JANUARY-6-2022, AT APPROX. 6:50PM
BY IT'S HEALTH CARE UNIT, IN THIS COUNTY JAIL, IN
THE CELL WITH PLAINTIFF (DAVID F. BROWN) WHO WASN'T

INFECTED, MAKING HIS CONDITIONS OF CONFINEMENT
(INHUMANE). NOTE: [ THE 'FARMER' COURT EXPLAINED THAT
THE 'EIGHT AMENDMENT. 'IMPOSES DUTIES ON [PRISON/
JAIL] OFFICIALS [ 12.F. 4TH 372.] WHO MUST PROVIDE HUMANE
CONDITIONS OF CONFINEMENT; PRISON OFFICIALS
MUST ENSURE THAT INMATES RECEIVE SANITATION, PER-
SONAL SAFETY AND MUST TAKE REASONABLE MEASURES TO
'GUARANTEE,' THE SAFETY OF THE INMATES... FARMER, 511
U.S. AT. 832, 114 S.Ct. 1970 ] NOW THE DEFENDANT(S) KNEW
OF THE SERIOUSNESS AND DEADLY EFFECTS OF A PER-
SON CONTRACTING 'COVID-19,' AND HOW CONTAGIOUS
THE VIRUS WAS AND COULD BE, AND STILL THEY
(THE DEFENDANT(S)) JOHN LAKIN, STEPHEN RIDINGS,
KRISTOPHER THARP, LIEUTENANT-JOHN DOE, SERGEANT-
JOHN DOE AND OFFICER/GUARD, WHO'S LAST NAME
WAS DECKER, BADGE NO.# UNKNOWN, PLACED (CHARLES
ADCOCK) A PRETRIAL DETAINEE, INFECTED WITH
COVID-19, BACK ON THE CELL BLOCK (F-4) AND BACK IN
THE CELL WITH PLAINTIFF (DAVID F. BROWN) WHO
WASN'T INFECTED, THEREBY ACTING WITH "DELI-
BERATE INDIFFERENCE," TO HIS "CONDITIONS OF CON-
FINEMENT," HEALTH AND SAFETY, THEREFORE VIOLATING
THE PLAINTIFF 'EIGHTH AMENDMENT' RIGHT(S) UNDER
THE UNITED STATES CONSTITUTION, THAT 'PROHI-
BITION AGAINST 'CRUEL AND UNUSUAL PUNISHMENT'...
THE COURT HELD "A PRISON OFFICIAL CAN [ ] BE FOUND

'LIABLE' UNDER THE 'EIGHTH' AMENDMENT FOR DENYING AN INMATE 'HUMANE CONDITIONS' OF CONFINEMENT[ IF HE OR SHE] KNOWS OF AND DIS-REGARDS AN EXCESSIVE RISK TO INMATES "HEALTH OR SAFETY Id AT 837, 114, S.Ct. 1970... THIS ACT WAS COM-PLETED WHEN THE DEFENDANT(S) WITH 'RECKLESS IN-DIFFERENCE' TO HUMAN LIFE (DAVID F. BROWN) AN/ PLACED COVID-19-INFECTED (CHARLES ADCOCK) BACK IN THE CELL WITH HIM/ DAVID F. BROWN, AND HE CONTRACTED COVID-19, AND SHOULD BE HELD "RESPONSIBLE, ACCOUNTABLE AND LIABLE FOR THERE [ ACTIONS & INACTIONS] THAT LED TO PLAINTIFF (DAVID F. BROWN) CONTRACT-ING 'COVID-19' A DEADLY VIRUS (CORONA), FOR WHICH HE THE PLAINTIFF (DAVID F. BROWN) STILL SUFFERS FROM THE 'EFFECTS OF COVID-19' TO THIS DAY...

4) ON THURSDAY, JANUARY-6-2022, IN THE COUNTY OF MAD-ISON; AT THE MADISON COUNTY JAIL, HERE IN 'Edward-SVILLE, ILLINOIS, ON THE SECOND SHIFT (6PM TO 6AM) AT ABOUT (6:35PM) AFTER COUNT. THE GUARD, THAT I KNOW ONLY AS 'MR. WALLY' TOOK INMATE 'CHARLES ADCOCK' NO. #92158, TO THE "HEALTH CARE UNIT," HERE IN THE MADISON-COUNTY JAIL, WERE HE WAS 'DIAGNOSED' WITH THE 'CORONA-VIRUS/COVID-19, AFTERWARDS ABOUT (10-MINUTES) LATER CO. DECKER, STEPPED INTO THE 'FOYER' OF CELL-BLOCK (F-4) AND PLACE A 'QUARANTINE' PAPER ON THE WALL STATING

(14-DAYS) NO ONE IN, AND NO ONE OUT) THEN APPROX:
(10-MINUTES) LATER, C.O. DECKER, BROUGHT (CHARLES --
ADCOCK #92158) WHO WAS INFECTED WITH 'COVID-19,'
BACK TO THE CELL BLOCK (F-4) AND PLACED HIM BACK
IN THE CELL WITH PLAINTIFF (DAVID F. BROWN)
#17579, A NON-INFECTED, PRE TRIAL DETAINEE
AT THE TIME, "ENDANGERING HIS LIFE," CREATING
UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT,
AND FAILING TO PROTECT, PLAINTIFF (DAVID F. BROWN)
THE HIGHLY CONTAGIOUS AND DEADLY "CORONAVIRUS/
COVID-19," COMMITTED THE ACT OF "CRUEL AND UNUSUAL
PUNISHMENT," BY THERE "DELIBERATE INDIFFERENCE,"
TO THE SUBSTANTIAL RISK, THAT 'COVID-19,' IMPOSED
ON THE "LIFE, HEALTH, AND SAFETY," OF PLAINTIFF (DAVID
F. BROWN) AND THAT HE COULD CONTRACT IT, FOR WHICH
HE DID, VIOLATES HIS UNITED STATES AND ILLINOIS
CONSTITUTIONAL RIGHTS UNDER BOTH THE "EIGHTH,"
AND FOURTEENTH AMENDMENTS, [U.S. CONST. AMEND. VIII,
XIV; ILL. CONST. 1970, ARTICLE 1, SECTION 11] NOW, ON THE
SECOND SHIFT, HERE IN THE MADISON COUNTY JAIL
FROM (6PM. TO 6AM.) EITHER THE "LIEUTENANT," OR
THE "SERGEANT," IS APPOINTED AS ACTING SHIFT---
COMMANDER FOR THAT SHIFT.. I'M STATING THIS
BECAUSE, EITHER "LIEUTENANT-JOHN DOE(1) OR SER-
GEANT-JOHN DOE (2) GAVE THE ORDER FOR (CHARLES AD-
COCK #92158) AFTER BEING DIAGNOSED WITH THE

"CORONAVIRUS/COVID-19," TO BE PLACED BACK ON/IN CELL-BLOCK (F-4) AND BACK IN THE CELL WITH (DAVID F. BROWN) THE PLAINTIFF, KNOWING THE "SUBSTANTIAL RISK," THAT HE (DAVID F. BROWN) COULD GET "COVID-19," AND BLATANTLY DISREGARDED IT, THEREBY DIS-PLAYING AN "RECKLESS INDIFFERENCE," TO HUMAN LIFE, AND SHOULD BE HELD ACCOUNTABLE AND LIBLE FOR VIOLATING PLAINTIFF (DAVID F. BROWN(S)) "EIGHTH," AND FOURTEENTH "AMENDMENT RIGHTS, AND ACTING WITH INTENT TO DO HARM, IN THAT [ THE SUPERVISOR / ACTING SHIFT COMMANDER, EITHER "LIEUTENANT" JOHN DOE (1) OR "SERGEANT" JOHN DOE (2) ON THURSDAY, JANUARY-6-2022, IN THE COUNTY OF MADISON, AT THE MADISON COUNTY JAIL, IN EDWARDSVILLE, ILLI-NOIS, PERSONALLY JOINED THE SUBORDINATE(S) IN VIOLATING THE PLAINTIFFS RIGHTS / DIRECTED OTHERS TO VIOLATE THE PLAINTIFFS' RIGHTS OR AS THE PERSON IN CHARGE HAD KNOWLLEDGE OF UNCONSTIT-UTIONAL CONDUCT AND CONDONED IT... NOTE: DELIBE-RATE INDIFFERENCE OCCURS WHEN A DEFENDANT REALIZES THAT A SUBSTANTIAL RISK OF SERIOUS HARM TO H PRISONER EXISTS, BUT THEN DISREGARDS THAT RISK. SEE: FARMER V. BRENNAN, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed. 2d 811 (1994) AND THEREBY, PLAINTIFF (DAVID F. BROWN) WAS DEPRIVED, UNDER COLOR OF LAW, OF HIS CITIZENS RIGHTS SECURED BY THE "CON-STITUTION AND LAWS," OF THE UNITED STATES... SEE:

WEST V. ATKINS, 487 U.S. 42 (1988) And DURHAM v. WADLEY, 195 F.3d 1007, 1009 (8TH C.IR. 1999). NOW THE PLAINTIFF, STATES, THAT THE DEFENDANT(S) DELIBERATELY, IGNORED THE MEDICAL INFORMATION AVAILABLE TO THEM; FAILED TO MINIMIZE THE RISK OF THE "PLAINTIFF," CONTRACTING COVID-19; FAILED TO PROVIDE HUMANE CONDITIONS OF CON-FINEMENT; FAILED TO TAKE REASONABLE MEASURES TO "GUA-RANTEE," THE HEALTH AND SAFETY, OF THE PLAINTIFF, AND FAILED TO PROTECT, SAID PLAINTIFF (DAVID E. BROWN) FROM COVID-19, DUE TO THERE 'DELIBERATE INDIFFERENCE,' TO THE RISK OF (DAVID E. BROWN) CONTRACTING/GETTING "COVID-19," AND CONSCIOUSLY DISREGARDED IT NONE-THE-LESS.

IN, CONCLUSION, THE PLAINTIFF, ASKS THIS HONORABLE COURT, BY WAY OF TRIAL BY JURY, TO HOLD THE SAID DEFENDANT(S) [JOHN LAKIN/SHERIFF; CAPTIAN-STEPHEN RIDINGS/SUPER-INTENDENT; CAPTIAN-KRISTOPHER THARP/ADMINISTRATOR; LIEUTENANT-JOHN DOE (1); SERGEANT-JOHN DOE (2) AND CO: DECKER] EACH AND EVERYONE OF THEM IN THERE (INDIVIDUAL AND OFFICIAL CAPACITY) BE HELD RESPONSIBLE, ACCOUNT-ABLE, AND LIABLE, FOR THERE "ACTIONS," AND "INACTIONS," THAT CAUSED PLAINTIFF TO SUFFER, "PHYSICAL, PSYCHOLOGICAL AND BODILY HARM, ALONG WITH 'EMOTIONAL DISTRESS (HEAD AND BODY ACHES) STILL TO THIS DAY, AN AWARD PLAINTIFF 'DECLARATORY AND INJUNCTIVE RELIEF, AS WELL AS $700,000, IN COMPEN-SATORY AND PUNITIVE DAMAGES...  — — — — — — — — —

12 OF 13

I, CERTIFY TO THE BEST OF MY KNOWLEDGE, THAT
THE INFORMATION IN THIS AMENDED COMPLAINT
IS TRUE IN BODY AND FACT...

THIS DATE: OCT.-9-2022

RESPECTFULLY SUBMITTED,
DAVID F. BROWN #17579

/S/ David F. Brown
405, RANDLE St.
EDWARDSVILLE, IL. 62025

13 OF 13








DAVID F. BROWN #17599
405 RANDLE ST.
EDWARDSVILLE, IL. 62025

CLERK OF COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
750 MISSOURI AVE.
EAST ST. LOUIS, IL. 62201

MAIL CLEARED
US MARSHALS

RECEIVED

OCT 17 2022

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

OCT 09 2022

MADISON COUNTY JAIL