IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID F. BROWN, #17579,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 22-cv-00887-JPG |
| | ) |
| **JOHN LAKIN,** | ) |
| **KRISTOPHER THARP,** | ) |
| **STEPHEN RIDINGS,** | ) |
| **LIEUTENANT JOHN DOE,** | ) |
| **SERGEANT JOHN DOE,** | ) |
| **and OFFICER DECKER,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the Amended Complaint filed by Plaintiff David Brown pursuant to 42 U.S.C. § 1983 on October 17, 2022. (Doc. 13). Plaintiff's claims stem from his exposure to an inmate with COVID-19 at Madison County Jail on or around January 6, 2022.[1] (*Id*. at 1-22). He alleges that the defendants knowingly housed him with the sick detainee and caused him to contract COVID-19. (*Id*.). He seeks unspecified injunctive, declaratory, and monetary relief. (*Id*. at 5).

The Amended Complaint is subject to preliminary review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion that is legally frivolous, malicious, or meritless must

---

[1] Plaintiff originally filed suit in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, Case No. 2022-LA-000391, and the case was removed to this federal judicial district on May 30, 2022. The Court found that removal was proper. The Complaint did not survive review under 28 U.S.C. § 1915A and was dismissed without prejudice and with leave to amend. (Doc. 12).

be dismissed.  28 U.S.C. § 1915A(b).  The Court construes the factual allegations of the *pro se* complaint liberally.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Amended Complaint

Plaintiff makes the following allegations in the Amended Complaint (Doc. 13, pp. 1-22): Defendants allegedly violated Plaintiff's rights under the Eighth and/or Fourteenth Amendments when they moved Detainee Charles Adcock into Plaintiff's cell after learning that he tested positive for COVID-19 on January 6, 2022.  (*Id*. at 7).  "Mr. Wally"[2] took Adcock for testing, after Adcock reported feeling sick for three days.  (*Id*. at 16).  Within minutes of learning that Adcock tested positive for the virus, Officer Decker placed a sign in the cell block, stating: "Quarantine: 14 Days / No One In / No One Out."  (*Id*. at 7, 11).  Minutes later, Officer Decker moved Adcock into Cell 4 with Plaintiff and informed both detainees that the cell block was under quarantine for 14 days because Adcock tested positive for COVID-19.  (*Id*.).  Plaintiff contracted the virus several days later and still suffers from its effects.  (*Id*. at 8, 16).  Plaintiff guesses that Lieutenant John Doe or Sergeant John Doe probably gave Officer Decker the order to place Adcock in Plaintiff's cell.  (*Id*. at 17).

Sheriff John Lakin, Captain Kristopher Tharp, and Captain Stephen Ridings knew of the substantial risk of serious harm caused by COVID-19 and turned a blind eye to the risk posed by placing Adcock in Cell 4 with Plaintiff.  (*Id*. at 8-9, 11, 13).  According to Plaintiff, all of these defendants deliberately ignored the guidelines and information available to them about the seriousness of COVID-19 when they failed to intervene and protect Plaintiff from the serious risk of harm posed by exposure to Adcock while he was ill with COVID-19.  (*Id*. at 19).

---

[2] "Mr. Wally" is not listed as a defendant, and Plaintiff brings no claims against him.

2

**Discussion**

Based on the allegations in the Amended Complaint, the Court finds it convenient to designate the following count in this *pro se* action:

> **Count 1:** Fourteenth Amendment claim against Defendants for subjecting Plaintiff to unconstitutional conditions of confinement during his pretrial detention at Madison County Jail, by knowingly placing an inmate with COVID-19 into Plaintiff's cell, or turning a blind eye to his placement there, and causing Plaintiff to contract the virus on or around January 6, 2022.

**Any other claim that is mentioned in the Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

**Discussion**

Because Plaintiff alleges that he was a pretrial detainee during the relevant time period, the Fourteenth Amendment objective unreasonableness standard articulated in *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018), governs his claim for unconstitutional conditions of confinement. The Fourteenth Amendment protects pretrial detainees, who have not yet been convicted of a crime, from being held in conditions that constitute punishment. *Miranda*, 900 F.3d at 350-51. A due process challenge to these conditions of confinement involves two inquires. First, the court must determine whether each defendant's conduct was purposeful, knowing, or even reckless with respect to the "physical consequences in the world" of his or her conduct. *Id*. (quoting *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). Second, the court considers the objective reasonableness of each defendant's conduct in light of the "totality of the facts and circumstances" facing the defendant. *McCann v. Ogle County*, 909 F.3d 881, 886 (7th Cir. 2018). The conditions created by each defendant must be objectively, sufficiently serious. *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016).

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

The allegations articulate a claim against Officer Decker, who placed Adcock in Plaintiff's cell after Adcock was diagnosed with COVID-19, and against Sheriff Lakin, who knowingly turned a blind eye to this placement decision and allowed Plaintiff's exposure to the obviously harmful virus. Count 1 shall proceed against both defendants, in their individual capacities.

Count 1 shall also proceed against Sheriff Lakin, in his official capacity. Plaintiff names the sheriff, and all other defendants, in connection with certain Jail policies that allegedly caused the unconstitutional conditions of his confinement—including the policy of allowing COVID-positive and COVID-negative inmates to share the same housing or the absence of a policy requiring their separation. *See Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005) (failure to have a policy may, in some circumstances, constitute an unconstitutional policy). In Illinois, sheriffs possess final policy-making authority. *See Miranda*, 900 F.3d at 344 (citations omitted). Sheriff Lakin is therefore the proper party for a claim targeting policies and customs that deprived Plaintiff of his federal rights pursuant to *Monell v. Department of Social Services of New York*, 436 U.S. 658, 690-91 (1978). Count 1 shall thus proceed as a *Monell* claim against Sheriff Lakin, in his official capacity, for the policy, or absence thereof, regarding housing COVID-positive and COVID-negative detainees together.

Count 1 shall be dismissed without prejudice for failure to state a claim against all other defendants, including Captain Ridings and Captain Tharp, who are unnecessarily named in connection with the *Monell* claim, and Lieutenant John Doe and Sergeant John Doe, who Plaintiff guesses issued the order to Officer Decker for Adcock's placement in the same cell with Plaintiff. Even at this stage, the Court cannot allow Plaintiff to guess which of two unknown defendants (which Plaintiff alleges is one or the other and not both) might have had personal involvement in this decision. He must articulate a *plausible* claim, not a *possible* claim, against each defendant.

**Disposition**

**IT IS ORDERED** that the Amended Complaint (Doc. 13) survives screening. **COUNT 1** will proceed against Defendant **JOHN LAKIN**, in his individual and official capacities, and against Defendant **OFFICER DECKER**, in his or her individual capacities. All other claims and defendants are **DISMISSED** without prejudice for failure to state a claim. The Clerk's Office is **DIRECTED** to **TERMINATE** Defendants **KRISTOPHER THARP, STEPHEN RIDINGS, LIEUTENANT JOHN DOE,** and **SERGEANT JOHN DOE** as parties in CM/ECF.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **LAKIN** and **DECKER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 13), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that if a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint (Doc. 13) and shall not waive filing a reply under 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: 6/2/2023

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.