IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID F. BROWN, #17579,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 22-cv-00887-JPG |
| | ) |
| **JOHN D. LAKIN and** | ) |
| **OFFICER DECKER,** | ) |
| | ) |
| **Defendants.** | ) |

# ORDER DISMISSING CASE

**GILBERT, District Judge:**

Plaintiff David F. Brown brings this action for constitutional deprivations stemming from his exposure to an inmate with COVID-19 at Madison County Jail on or around January 6, 2022. (Doc. 13). Following preliminary review of the Amended Complaint filed pursuant to 42 U.S.C. § 1983, Plaintiff was allowed to proceed with a single claim against John Lakin, in his individual and official capacities, and Officer Decker, in an individual capacity, for exposing him to unconstitutional conditions of confinement at the Jail. (Doc. 17).

At the time of case opening, Plaintiff was advised of his ongoing obligation to update his address within seven days of any change by filing a Notice of Address Change with the Court. (Doc. 5). He was warned that failure to do so would result in dismissal of the action for want of prosecution. (*Id.*). He has since been reminded of this continuing obligation in multiple court orders. (*See, e.g.*, Docs. 12 and 17). Additionally, Local Rule 3.1(b) requires Plaintiff to keep the Clerk of Court informed of any change in his address. *See* SDIL-LR 3.1(b). Even so, Plaintiff's mail has been returned undelivered. (Docs. 17 and 22-25). At least one of these envelopes notes that Plaintiff was released from custody on April 28, 2023. (*See* Doc. 22).

The Court entered the following Order to Show Cause on June 23, 2023:

> Plaintiff is **ORDERED** to **SHOW CAUSE** on or before **July 5, 2023,** why this case should not be dismissed for his failure to prosecute the case.  **Plaintiff's failure to respond to this Order will result in the dismissal of the case without further notice.**  *See* FED. R. CIV. P. 41(b).

(Doc. 23) (emphasis in original).  Plaintiff filed no response to the show cause order.  Two weeks have passed since his response deadline expired, and the Court has received no communication from him.  In fact, the Court has received no communication from Plaintiff since October 17, 2022, when he file an Amended Complaint.  (Doc. 13).

The Court will not allow this matter to linger indefinitely.  This action shall be dismissed without prejudice based on Plaintiff's failure to comply with the Court's Orders to update his address (Docs. 5, 12, and 17), his failure to respond to the Court's Order to Show Cause (Doc. 23), and his failure to prosecute his claim in Count 1.  *See* FED. R. CIV. P. 41(b); *Lucien v. Brewer*, 9 F.3d 26, 28 (7th Cir. 1993) (stating dismissal is a "feeble sanction" if it is without prejudice; "Rule 41(b) states the general principle that failure to prosecute a case should be punished by dismissal of the case with prejudice.").

## Disposition

**IT IS ORDERED** that this action is **DISMISSED** without prejudice, based on Plaintiff's failure to comply with multiple Court Orders (Docs. 5, 12, and 17), his failure to respond to the Order to Show Cause (Doc. 23), and his failure to prosecute his claim(s) herein.  *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).  The dismissal of this action does <u>not</u> count as a "strike" under 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(A)(4).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See*

FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467.  Moreover, he may incur a "strike" if his appeal is dismissed for one of the reasons set forth under 28 U.S.C. § 1915(g).

**A proper and timely motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.**

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  7/19/2023**

s/J. Phil Gilbert  
**J. PHIL GILBERT**  
**United States District Judge**
